UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-3583-DMG (GJSx)** | Date | May 27, 2020 |
| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)   Attorneys Present for Defendant(s)
None Present                         None Present

**Proceedings: IN CHAMBERS— ORDER RE PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [10]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiffs Juan Rodolpho Valdivia Obando and Claudia Lopez Hurtado. [Doc. # 10.] For the reasons set forth below, the Motion to Remand is **GRANTED** and Plaintiffs' accompanying request for attorneys' fees and costs is **DENIED**.

## I.
## BACKGROUND

On March 23, 2020, Plaintiffs filed a complaint in Los Angeles County Superior Court against Defendant FCA US LLC, alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq*. Notice of Removal, Ex. D ("Compl.") [Doc. # 1-1]. Plaintiffs' allegations arise from their purchase of a new 2012 Chrysler Town & Country from FCA. *Id*. at ¶ 13. Plaintiffs also bring a claim for negligent repair against the dealership that performed maintenance and repair services on the car, Cerritos Dodge, Inc. d/b/a Cerritos Dodge Jeep Ram ("Cerritos Dodge"). *Id*. at ¶¶ 64-68.

On April 17, 2020, FCA removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal [Doc. # 1]. Plaintiffs filed the instant MTR on April 28, 2020. [Doc. # 10.] The MTR is now fully briefed. Opp. [Doc. # 14]; Reply [Doc. # 16].

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3583-DMG (GJSx)** | Date | May 27, 2020 |
|---|---|---|---|

| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | Page | 2 of 6 |
|---|---|---|---|

a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted.) "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (to determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also*

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3583-DMG (GJSx) | Date | May 27, 2020 |
|---|---|---|---|
| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | Page | 3 of 6 |

*Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

## III.
## DISCUSSION

The parties do not dispute the amount in controversy. Rather, the parties' only disagreement regarding the Court's jurisdiction over this action is whether the parties are of completely diverse citizenship. FCA is a Delaware limited liability company with its principal place of business in Michigan. Notice of Removal at ¶ 28. Cerritos Dodge is a corporate citizen of California. *Id*. at ¶ 30. Plaintiffs are also California citizens. *Id*. at ¶ 27. Despite the apparent overlap of citizenship, FCA contends that the Court should disregard Cerritos Dodge's California citizenship because Cerritos Dodge was fraudulently joined to eliminate the Court's jurisdiction. In the alternative, FCA asks the Court to exercise discretion under Federal Rule of Civil Procedure 21 to sever Cerritos Dodge from this action. *See* Opp. at 7-8.

**A.     Cerritos Dodge Was Not Fraudulently Joined**

FCA makes three main arguments that Plaintiffs fraudulently joined Cerritos Dodge: (1) Plaintiffs' only intention in joining Cerritos Dodge was to destroy diversity; (2) the economic loss rule bars Plaintiffs' negligent repair claim against Cerritos Dodge; and (3) Plaintiffs have failed to adequately plead their claim against Cerritos Dodge. None of these arguments is persuasive.

First, Plaintiffs' subjective intent in joining Cerritos Dodge—whatever it may have been—has no impact on the Court's fraudulent joinder analysis. Notice of Removal at ¶¶ 30-31. As a rule, the fraudulent joinder analysis "does not implicate a plaintiff's subjective intent" in bringing suit against a non-diverse defendant. *See Rangel*, 200 F. Supp. 3d at 1030 (citing *McCabe*, 811 F.2d at 1339).

Second, the economic loss rule does not bar Plaintiffs' negligent repair claim. As a rule in California, "[o]ne who undertakes repairs has a duty arising in tort to do them without negligence." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840–41 (C.D. Cal. 2019) (citing *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970)). To succeed in a claim for negligent repair, a plaintiff must establish the well-known elements of a negligence claim: duty, breach, causation, and damages. *Id.* (citing *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992)).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3583-DMG (GJSx) | Date | May 27, 2020 |
|---|---|---|---|
| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | Page | 4 of 6 |

The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The rule exists to prevent "the law of contract and the law of tort from dissolving one into the other." *Id.* But California courts recognize an exception to the rule where the contract at issue was for services, rather than goods. *See N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 780-81 (1997). In such cases, a negligent failure to perform contractual duties competently "may be both a breach of contract and a tort." *Id.* at 774; *see also Ladore v. Sony Computer Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014) (citing *N. Am. Chem. Co.* and recognizing that the economic loss rule does not bar recovery in tort arising from a contract for services).

Since Plaintiffs allege that Cerritos Dodge failed to adequately perform repair *services* on their vehicle, their claim falls within the exception to the economic loss rule. But even if the rule did apply generally to this case, FCA's argument for why it bars Plaintiffs claim is misplaced. FCA relies on *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, to argue that the Court should deny Plaintiffs' MTR because they have "not pointed to any allegations establishing that the Dealer's allegedly negligent repair of their vehicles injured them or their property, such as by causing an accident in which they were injured or their vehicles damaged." 2018 WL 5905942, at *6 (C.D. Cal. Sept. 10, 2018)). But the *In re Ford* court did not discuss the fact that in California "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (*e.g.*, a window) causes to other portions of a larger product (*e.g.*, a house) into which the former has been incorporated." *KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1085, 5 Cal. (2003). This concept maps onto Plaintiffs' allegations that their vehicle's defective engine and transmission damaged the vehicle into which they were incorporated by reducing its value and making it less safe. Whether or not the defects of which Plaintiffs complain actually did harm the value or safety of the vehicle is a question of fact that the Court cannot resolve at the pleading stage. Plaintiffs' allegations would therefore be sufficient to fall within the rule set out in *KB Home*.

Third, FCA's argument that Plaintiffs have failed to adequately plead their negligent repair claim misunderstands the legal standards governing fraudulent joinder. *See* Opp. at 6-7. As discussed above, regardless of whether a plaintiff's current complaint is adequate to state a claim against a non-diverse defendant, federal courts must remand cases unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla*, 697 F. Supp. 2d at 1159; *Rangel*, 200 F. Supp. 3d at 1033. Even assuming that Plaintiffs' negligent repair claims are deficient as currently pled, FCA has made no effort to demonstrate that Plaintiffs could not cure those deficiencies if given leave to amend in Los Angeles County Superior Court. Given California's liberal pleading standard, the Court determines that Plaintiffs would

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3583-DMG (GJSx) | | Date | May 27, 2020 |
|---|---|---|---|---|
| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | | Page | 5 of 6 |

likely receive such leave. *See Howard v. Cty. of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (stating that a California "court's discretion will usually be exercised liberally to permit amendment of the pleadings").

In sum, FCA has failed to show that Plaintiffs fraudulently joined Cerritos Dodge as a Defendant in this action.

**B.     Rule 21 Severance Is Inappropriate**

FCA also requests, in the alternative, that the Court exercise its discretion under Federal Rule of Civil Procedure Rule 21 to sever Cerritos Dodge from this case. Opp. at 20-21. As a rule, district courts "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. But the discretion to dismiss a party "is not a requirement that [courts] do so." *Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017) (internal citations omitted). Indeed, the discretion to sever a party under Rule 21 should be "exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation." *Sabicer*, 362 F. Supp. 3d at 842 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

FCA has not explained how adjudicating this case with Cerritos Dodge as a Defendant would prejudice it in any way. *See* Opp. at 7-8. Nor would letting the litigation proceed with Cerritos Dodge as a party appear to prejudice Plaintiffs or Cerritos Dodge. Indeed, it would be inappropriate to sever Cerritos Dodge from the case because Plaintiffs' claims against FCA and Cerritos Dodge are "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient." *Sabicer*, 362 F. Supp. 3d at 842. In the interest of judicial efficiency, and to save the parties from duplicating their litigation efforts, the Court declines to sever Cerritos Dodge from the action.

**IV.**
**PLANITIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs seek $625 in attorneys' fees and costs pursuant to 28 U.S.C. section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorneys' fees under section 1447(c) only when Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008); *Rangel,* 200 F. Supp. 3d at 1035 ("Absent unusual circumstances," a district court

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3583-DMG (GJSx)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | *Juan Rodolfo Valdivia Obando, et al. v. FCA US LLC, et al.* | Page | 6 of 6 |

may award fees pursuant to 28 U.S.C. section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal.").

Although FCA has not shown that removal was proper, it did not lack an objectively reasonable basis for removing the case. Nor does this case present any "unusual circumstances" that would justify awarding fees and costs. The Court therefore **DENIES** Plaintiffs' request for attorneys' fees and costs.

## V.
## CONCLUSION

In light of the foregoing, Plaintiffs' motion to remand is **GRANTED**. The Court **DENIES** Plaintiffs' request for attorney's fees and costs. The case is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**